UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OLEG MERKULOV, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES PARK POLICE, <br><br> Defendant. | Civil Action No. 14-0854 (BAH) <br><br> Judge Beryl A. Howell |

**MEMORANDUM OPINION**

The plaintiff, Oleg Merkulov, proceeding *pro se*, filed a negligence claim under the Federal Tort Claims Act ("FTCA") against the United States Park Police ("USPP") in the Superior Court for the District of Columbia. Notice of Removal, ECF No. 1. Subsequently, the defendant removed the case to this Court pursuant to 28 U.S.C. § 1442, which allows for removal to Federal court for cases brought against the United States or any of its agencies or officers. *See id.*; 28 USC § 1442. Following removal, the defendant filed a motion to dismiss for lack of subject matter jurisdiction. *See* Mot. Dismiss, ECF No. 4. For the reasons explained below, the Court finds that the doctrine of derivative jurisdiction deprives this Court of jurisdiction to hear the present dispute. Accordingly, the defendant's motion is granted and this action is dismissed.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On the morning of May 19, 2013, the plaintiff drove his passenger-occupied taxicab to the corner of 14th street and Madison Drive Northwest in Washington, D.C. Notice of Removal, Ex. A, at 9. The plaintiff waited at a green signal light because heavy traffic blocked his lane and once the light turned red, his passengers exited. *Id.* Thereafter, a USPP officer stopped the

1

plaintiff and inquired about the status of his meter, as the plaintiff's taxicab was furnished with a green inspection sticker.  The officer commented that the "Green seal means that you were stopped by the [D.C. Taxicab Commission] and the meter was not working properly." *Id.*  As a result, the officer removed the sticker from the plaintiff's taxicab and ticketed him for: (1) failure to pull to the curb; (2) violation of a no stopping no standing sign; and (3) for operating a taxicab with a non-functional meter.  *Id.*  The total fine was $1,125.  *Id.*

The plaintiff maintained a green seal instead of the usually required red seal as a result of D.C. Taxicab Commission ("DCTC") Emergency Green Seals Memorandum, which permitted green seals to be temporarily used by taxicabs until new red seals were available.  *Id.* at 21.  The DCTC memorandum required green seals to "be replaced within 24 hours once reds seals are available."  *Id.* at 21.  Despite issuing a ticket, the USPP officer failed to submit a copy of the notice of infraction to the Department of Motor Vehicle ("DMV") within the required time period.  As a result, the DMV dismissed the plaintiff's tickets.  *Id.* at 15.

Despite dismissal of the ticket, the removal of the taxicab's seal resulted in the plaintiff missing two days of work, paying for a subsequent meter inspection, and paying for a replacement rental taxicab.  *Id.* at 9.  Accordingly, the plaintiff sought administrative relief from the Solicitor's Office at the Department of the Interior ("DOI").  The requested relief—payment of $667.19 in damages resulting from the lost wages, inspection fees, and rental car fees—was denied, as was the plaintiff's motion for reconsideration.  *Id.* at 21–27.  The DOI determined that there was "no credible evidence to establish any negligent or wrongful act or omission on part of the Government" to warrant payment of the claim.  *Id.* at 23.  Following the dismissal of his claims, the plaintiff filed suit against the USPP in D.C. Superior Court alleging negligence by the police officer in removing the seal from the plaintiff's taxicab.  Notice of Removal.  The

defendant removed the case to this Court pursuant to 28 U.S.C. § 1442, since the suit was brought against the USPP, a federal agency. *Id.*

Now pending before the Court is the defendant's motion to dismiss for the lack of subject matter jurisdiction.

## II.   LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Indeed, Federal courts are "forbidden . . . from acting beyond our authority," *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), and, therefore, have "an affirmative obligation 'to consider whether the constitutional and statutory authority exist for us to hear each dispute.'" *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. National Academy of Sciences*, 974 F.2d 192, 196 (D.C. Cir. 1992)). Absent subject matter jurisdiction over a case, the court must dismiss it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006); FED. R. CIV. P. 12(h)(3).

When considering a motion to dismiss under Rule 12(b)(1), the court must accept as true all uncontroverted material factual allegations contained in the complaint and "'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged' and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005) (quoting *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004))). The court need not accept inferences drawn by the plaintiff, however, if those inferences are unsupported by facts alleged in the complaint or amount merely to legal conclusions. *See Browning v.*

*Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Moreover, in evaluating subject matter jurisdiction, the court, when necessary, may "'undertake an independent investigation to assure itself of its own subject matter jurisdiction,'" *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1107-1108 (D.C. Cir. 2005) (quoting *Haase v. Sessions*, 835 F.2d 902, 908 (D.C. Cir. 1987)), and consider facts developed in the record beyond the complaint, *id. See also Herbert*, 974 F.2d at 197 (in disposing of motion to dismiss for lack of subject matter jurisdiction, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."); *Alliance for Democracy v. FEC*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005). The burden of establishing any jurisdictional facts to support the exercise of the subject matter jurisdiction rests on the plaintiff. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010); *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007).

### III. DISCUSSION

The defendant argues that this Court lacks jurisdiction to hear the present dispute as a result of the doctrine of derivative jurisdiction. The Court agrees. The doctrine of derivative jurisdiction, and its application to this case, is discussed below.

#### A. The Doctrine of Derivative Jurisdiction

Federal statute permits the removal of a case from State court to Federal court in specified circumstances. Section 1441 permits removal for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Section 1442 permits removal for "[a] civil action . . . that is commenced in a State court and that is against or directed to . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual

4

capacity, for or relating to any act under color of such office . . . ." Following removal, the Court must satisfy itself that it maintains jurisdiction over the removed proceeding.

"The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922). If a State court lacks subject matter jurisdiction over a suit, the Federal court likewise lacks jurisdiction over the suit upon removal, even if the Federal court would have maintained jurisdiction "in a like suit originally brought there . . . ." *Id.*; *see also McKoy-Shields v. First Washington Realty, Inc.*, 2012 WL 1076195, at *2 (D.D.C. 2012). This doctrine—known as the doctrine of derivative jurisdiction—is based on the theory "that a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court from which the case originated." *Cofield v. United States*, No. 11-cv-01419, 2014 WL 4087501, at*5 (D.D.C. March 30, 2014) (internal quotations omitted). In this sense, "a federal court's jurisdiction over a removed case [must] mirror the jurisdiction that the state court had over the action prior to removal." *Palmer v. City Nat. Bank of West Virginia*, 498 F.3d 236, 239 (4th Cir. 2007). Accordingly, under the doctrine of derivative jurisdiction, a Federal court must dismiss a case if the State court lacked jurisdiction over the original claim.[1] *See, e.g., Cofield*, 2014 WL 4087501, at *5; *McKoy-Shields,* 2012 WL 1076195, at *2.

---

[1] Although phrased as the doctrine of derivative *jurisdiction*, some courts have concluded that derivative jurisdiction is better understood not as a limitation upon a court's subject matter jurisdiction but rather as "a mere defect in the process by which a case reaches federal court . . . ." *Rodas v. Seidlin*, 656 F.3d 610, 621 (7th Cir. 2011). As a result, challenges based upon derivative jurisdiction may be waived if not "raised promptly upon removal." *Id.* at 624; *see also Calhoun v. Murray*, 507 Fed. App'x. 251, 256 (3d Cir. 2012). In this sense, the doctrine of derivative jurisdiction limits the "removal jurisdiction" of the Federal courts. *Rodas*, 656 F.3d at 622–23. Other courts, however, have treated the doctrine as a limitation upon their subject matter jurisdiction. *See, e.g.*, *McKoy-Shields,* 2012 WL 1076195, at *2 ("To determine whether this Court *lacks subject matter jurisdiction* by virtue of the doctrine of derivative jurisdiction, the threshold determination is whether, prior to removal, the Superior Court for the District of Columbia had jurisdiction of the subject matter or of the parties." (emphasis added)); *Kennedy v. Paul*, No. 12-cv-01491, 2013 WL 5435183, at *4 (S.D.N.Y. Sept. 30, 2013). This Court need not address the issue as the defendants stated their objection promptly upon removal and before this case proceeded to the merits.

The doctrine of derivative jurisdiction is not without criticism. For example, in *Washington v. American League of Professional Baseball Clubs*, the Ninth Circuit described the doctrine as a "kind of legal *tour de force* that most laymen cannot understand, particularly in a case where the federal court not only has subject matter jurisdiction, but has exclusive subject matter jurisdiction." 460 F.2d 654, 658 (9th Cir. 1972) (emphasis in original); *see also Rodas v. Seidlin*, 656 F.3d 610, 621 (7th Cir. 2011) ("[T]he doctrine of derivative jurisdiction is itself difficult to explain as a matter of first principles."); *Welsh v. Cunard Lines, Ltd.*, 595 F. Supp. 844, 846 (D. Ariz. 1984) (describing the doctrine as "an archaic concept that impedes justice"). The doctrine has been particularly criticized for creating "the anomalous result that a case within the exclusive jurisdiction of the federal courts [cannot] be removed to a federal court" because the State court from which the case was removed lacks jurisdiction. 14B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3721 (4th ed. 2014).

Through amendment, Congress eliminated the doctrine of derivative jurisdiction for removal made pursuant to 28 U.S.C. § 1441. Section 1441(f) now provides that: "The court to which a civil action is removed under this section is *not precluded* from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." (emphasis added). Significantly for this case, however, Congress has made no such corresponding amendment to the removal rules contained in Section 1442, which are applicable here. Accordingly, Federal courts in this District, and throughout the country, have determined that the doctrine of derivative jurisdiction still applies to claims removed under Section 1442. *See Cofield*, 2014 WL 4087501, at *5 n.5; *McKoy-Shields,* 2012 WL 1076195, at *2; *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350–51 (5th Cir.

6

2014); *Calhoun v. Murray*, 507 Fed. App'x. 251, 256 (3d Cir. 2012); *Palmer*, 498 F.3d at 245–46.

### B. The Doctrine of Derivative Jurisdiction Requires Dismissal

To determine whether the doctrine of derivative jurisdiction requires dismissal, the Court must first address the threshold question of "'whether, prior to removal, the Superior Court for the District of Columbia had jurisdiction of the subject matter or of the parties.'" *Cofield*, 2014 WL 4087501, at*5 (quoting *McKoy-Shields*, 2012 WL 1076195, at*2). In the instant case, the answer is no.

The plaintiff's suit is subject to the FTCA, which grants "exclusive jurisdiction" to the United States district courts over civil actions brought against the United States for monetary damages. *See* 28 U.S.C. § 1346 ("[T]he [United States] district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment . . . ."). [2] Accordingly, under 28 U.S.C. § 1346, the D.C. Superior Court lacked jurisdiction over the plaintiff's claim. Consequently, even though this Court would normally have jurisdiction over the plaintiff's claim, following removal under Section 1442, this Court now lacks jurisdiction to hear the instant dispute. Although seemingly anomalous, this conclusion is consistent with the case law in this District. For example, in *Cofield v. United States*, the plaintiff brought suit against several federal agencies under the FTCA and the court dismissed the plaintiff's complaint for lack of jurisdiction following removal from D.C. Superior

---

[2] To the extent the plaintiff's tort claims are not cognizable under the FTCA, the claims are barred by the doctrine of sovereign immunity. *See Watkins v. Arlington County*, 1997 WL 404878 (D.C. Cir. June 6, 1997) ("To the extent appellant sought to impose liability on the U.S. Park Police Service for constitutional torts committed by its officers, such a claim was barred by the doctrine of sovereign immunity.").

Court pursuant to Section 1442. 2014 WL 4087501, at *5; *see also McKoy-Shields*, 2012 WL 1076195, at *3 (dismissing third-party defendant).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that it lacks jurisdiction over this action. Accordingly, the defendant's motion to dismiss is granted. An appropriate Order accompanies this Memorandum Opinion.

Date: December 1, 2014

                                                                                     _____
BERYL A. HOWELL
United States District Judge